No. 95-1909

United States of America,    *

        Appellee,       *

                                        * Appeal from the United States
    v.                         * District Court for the
                                        * Eastern District of Arkansas.

Barry Jones,                *

                                        * (PUBLISHED)
        Appellant.      *

Submitted:  November 21, 1995

Filed:  December 4, 1995

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

Barry Jones appeals his 24-month sentence imposed by the district court[1] after he pleaded guilty to possessing a counterfeited security, in violation of 18 U.S.C. § 513(a).  For reversal, Jones argues the district court violated Federal Rule of Criminal Procedure 32(c)(1) and his due process rights when the court refused to resolve Jones's objection--raised for the first time at sentencing--to the probation officer's recommended denial of a mitigating-role reduction.  We affirm.

Rule 32(c)(1) requires a sentencing court to "rule on any unresolved objections to the presentence report."  Under Federal Rule of Criminal Procedure 32(b)(6)(B), however, the parties must communicate "any objections" to the presentence report to the

---

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

probation officer within 14 days of receiving it, so that the objections can be addressed and investigated prior to the sentencing hearing.  Jones does not dispute that he failed to present his role-reduction objection as required under Rule 32(b)(6)(B).

Notwithstanding Rule 32(b)(6)(B), the district court had the discretion to consider Jones's untimely objection if he satisfied Federal Rule of Criminal Procedure 32(b)(6)(D), which states:  "[f]or good cause shown, the court may allow a new objection to be raised at any time before imposing sentence."  Because Jones did not state any reason for his failure to raise the objection in a timely manner, we conclude the district court did not abuse its discretion by declining to rule on it.  Cf. United States v. Morsley, 64 F.3d 907, 914-915 (4th Cir. 1995).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.